STUART, Justice
(concurring in part and dissenting in part).
I respectfully dissent from the majority’s reversal of the trial court’s summary judgment for Brookwood Health Services, Inc., with regard to Felice McGathey’s medical-negligence claims. Specifically, I believe that to produce substantial evidence creating a genuine issue of material fact as to whether Paul Nunnally, a Brook-wood employee, violated the applicable standard of care by failing to ensure that the medical device was sufficiently cool before it was attached by Jennifer Rawl-ings, an employee of Alabama Spine and Joint, to McGathey’s arm and hand, McGa-they needed to produce expert testimony. I recognize that expert testimony to support claims arising under the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq., Ala.Code 1975, is not required for “matters that can be easily understood and determined by the average person without the aid of a medical expert.” Ford v. Stringfellow Mem’l *109 Hosp., 39 So.3d 184, 193 (Ala.Civ.App.2009). However, no evidence was presented indicating that, when Rawlings placed the metal bar in the foam sleeve and attached it to McGathey’s arm and hand, it was obvious that the metal bar was hot enough to burn skin. Therefore, because it was not apparent to Rawlings and, consequently, to Nunnally that a risk that McGathey would be burned existed at the time the metal bar was attached to McGa-they’s arm and hand, expert testimony with regard to the length of time for cooling the medical device from the time Nun-nally placed it on the table until Rawlings attached it to McGathey’s hand and arm was required to create a genuine issue of material fact as to whether Nunnally acted negligently. I agree with the trial court that a summary judgment for Brookwood was proper, and I dissent from the majority’s conclusion otherwise.